OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned CPLR article 78 proceeding, petitioner seeks a judgment in the nature of mandamus directing that the Town Board of the Town of Lloyd (Board) act upon the application of petitioner to amend its franchise agreement to allow a rate increase for its cable television services to residents of the Town of Lloyd.
By letter dated June 14,1971, the Board acted upon a request by petitioner to provide cable television services to the residents of the town. The correspondence provided that, while denying an exclusive franchise, the Board would have “no objection” to petitioner “operating and servicing a TV system in the Town of Lloyd.” Subsequently, both Federal and State regulatory bodies recognized that the aforesaid communication in effect granted a cable television franchise to petitioner within the meaning of Town Law §64 (7). On May 12, 1976, the Board approved amendment of the aforesaid franchise to grant a rate increase. Thereafter, by order adopted June 22,1983, the New York State Commission on Cable Television (Commission) renewed petitioner’s certificate of confirmation of its cable television franchise for the Town of Lloyd until June 1, 1988. The order specifically provides that it “does not in any way confer rights or privileges other than those granted in the underlying franchise”.
*231 Upon review of the submissions, the extraordinary relief of mandamus is not available to petitioner. Authority for the regulation of cable television systems is found in Executive Law article 28, which has created the Commission to oversee this relatively new area of public interest. Executive Law § 825 (1) provides that the rates to be charged by petitioner “shall be * * * specified in the franchise”. They may not be changed, except by amendment to the franchise (Executive Law § 825 [2]). While the Commission may statutorily prescribe rates in certain instances, “[s]uch rates may only be changed by amendment of the franchise, unless both the municipality and the cable television company certify that they are unable to agree upon rates and request that the commission prescribe them.” (Matter of Teleprompter of Mohawk Val. v Pumilio, 57 AD2d 69, 72.)
In the case at bar, as in Teleprompter (supra), the franchise agreement contains no provision that the Board make findings or act upon petitioner’s request. “There is no reason to treat the franchise agreement * * * other than as an ordinary contract * * * Its duration and the rates to be charged were established by mutual agreement between the parties.” (Matter of Teleprompter of Mohawk Val. v Pumilio, supra, at p 73.) The extension of plaintiff’s certificate of confirmation is valid until July 1,1988. If it desires to mandate that the town review rate increase proposals and prepare formal findings, “it must so provide in any subsequent franchise agreement between the parties.”
The petition shall be dismissed.